# Homewood People's Bank v. Marshall, Appellant.

*Evidence—Fraud on creditors—Deeds.*

1. On the trial of an issue to determine whether the grantor in a particular deed had executed it with intent to defraud creditors, where evidence of such intention has been offered, it is not error to admit in evidence deeds executed about the same time by the grantor for other real estate to his mother and other parties.

2. On the trial of such an issue where it appears that the grantees in the deed were the brothers of the grantor, and there is evidence that the grantees had participated in the fraud, declarations made by the grantor subsequently to the execution of the deed that he still owned the property, are admissible.

Argued Oct. 30, 1908. Appeal, No. 203, Oct. T., 1908, by defendants, from judgment of C. P. No. 2, Allegheny Co., June T., 1905, No. 222, on verdict for plaintiff in case of Homewood People's Bank v. William Marshall and Robert Harvey Marshall. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Ejectment for land situate in the eighth ward of the city of Pittsburg. Before SHAFER, J.

At the trial plaintiff made the following offer:

We offer in evidence the deed from Tom Marshall and wife, Alice Marshall, to Mary Ann Marshall, dated May 27, 1903, recorded on June 26, 1903, in Deed Book, vol. 1260, p. 295, of

the deed books in the records of the recorder's office of Allegheny county. This to be followed by proof that the Tom Marshall is the Tom Marshall, the brother of the defendants, and grantor in their alleged deed, which is being disputed in this case.

Mr. Stoner: What is the purpose of the offer?

Mr. Marshall: We propose to follow that by proof that he conveyed all of his property about this time.

Mr. Stoner: What is the purpose of the offer?

Mr. Clark: The purpose is to show that Tom Marshall was conveying away his property at that time, for the purpose of defrauding his creditors, to show a fraudulent intent. The object is to show he conveyed all his property away about this time, before the bank entered.

Objected to, because it does not tend to prove the purpose of the offer, and is otherwise incompetent and irrelevant. To which defendant excepts, bill sealed.

Mr. Marshall: We offer in evidence deed of Tom Marshall and wife, Alice Marshall, to William W. Miller, of a certain alleged lot, situated in the twentieth ward, city of Pittsburg, and dated June 15, 1903, recorded on July 28, 1903, contained in Deed Book 1282, p. 313, being deed book in the recorder's office of Allegheny county.

Also offer in evidence deed of Tom Marshall and Alice Marshall, his wife, dated May 20, 1903, for a certain piece of property in the eighteenth ward of the city of Pittsburg, it being recorded June 15, 1903, contained in Deed Book, vol. 1279, p. 170, of the recorder's office of Allegheny county, to Annie Keliher. [1]

When S. W. Vandersaal was on the stand he was asked this question:

"Q. I wish you would state what, if anything, he said at that time with regard to the property on Harrison street, that is now in question in this case?"

Mr. Stoner: Objected to for the reasons already assigned, and because the declarations of the grantor in derogation of his own grant are inadmissible. It is res inter alios acta, and incompetent and irrelevant.

Objection overruled. To which ruling defendants' counsel excepts, and at his request exception is noted and bill sealed. [2]

The Court: This was in May?

Mr. Marshall: May, 1903.

Mr. Marshall: "Q. Go ahead. A. He said he still owned it, at that time. Q. Give us the whole conversation, if you can. A. Well, we made an arrangement for him to meet us at Mr. Paull's office, and we three met there and we had his statement of his financial condition, his property, etc., and we discussed that—"

The Court: "Q. Was he there? A. Yes, sir, he was there at the time—Tom Marshall, Mr. Paull and myself."

Mr. Marshall: "Q. Mr. Paull was president of the bank? A. Yes, sir, he was president of the bank; I was one of the directors, and Mr. Marshall was a creditor. We discussed the situation, and he did not have any money, and we wanted to have him give us a second mortgage on this Harrison street property."

Objected to as irrelevant.

The Court: Any talk he had about this property is relevant.

Mr. Marshall: "Q. Go ahead. A. He declined to do so without consulting his wife; he wanted to talk with his wife. Q. Is that the property you are speaking of now in dispute in this case? A. Yes, sir, it is called the Harrison street property. Q. Go on. A. And he was to let us know after consulting with his wife, whether he would give us this mortgage. Q. Did you have a further meeting with him? A. I met him about a week or so afterwards on Fifth avenue, and he said that his wife didn't want him to give a mortgage. I talked to him about the debt, I said that didn't increase his indebtedness, and that he could give a mortgage without having his wife's consent, if he chose to do so, and I advised him to do so, because I said it would give him two years' time for the payment of this debt. That was the last of May or about the first of June, that I met him on Fifth avenue, at which time he still owned the property, he said."

Verdict and judgment for plaintiff. Defendants appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions.

*George C. Bradshaw,* for appellants.—The deeds and declarations were not properly admitted in evidence: Miller v. McAlister, 178 Pa. 140; Schroeder v. Walsh, 120 Ill. 403 (11 N. E. Repr. 70); Barnhart v. Grantham, 197 Pa. 502; Doxsee v. Waddick, 122 Iowa, 600; Ford v. Williams, 13 N. Y. 577; Heine v. Com., 91 Pa. 145; Com. v. Zuern, 16 Pa. Superior Ct. 588.

*James M. Clark,* for appellee, cited as to the admissions of the deeds and declarations: Stauffer v. Young, 39 Pa. 455; Zerbe v. Miller, 16 Pa. 488; Hartman v. Diller, 62 Pa. 37; Confer v. McNeal, 74 Pa. 112.

OPINION BY MR. JUSTICE BROWN, January 4, 1909:

The real estate which is the subject of this ejectment was conveyed by Tom Marshall on January 7, 1903, to the appellants, his two brothers. At that time he was heavily indebted, and this his brothers knew. His indebtedness to the Homewood People's Bank, the appellee, amounted to $8,500.27. In the following May and June it brought two suits against him and in one of them recovered a judgment for $3,833.12. When these suits were brought the appellants had not recorded their deed, but placed it on record before the judgment was obtained against their grantor. Believing that his conveyance to them had been made for the purpose of defrauding his creditors, the appellee issued an execution on its judgment, upon which the sheriff sold to it, as the property of Tom Marshall, the real estate in controversy. This ejectment followed, in which a jury found that the conveyance had been made in fraud of creditors, and on the appeal from the judgment on the verdict we have two assignments of error, the one complaining of the admission in evidence of three deeds from Tom Marshall to three other grantees, executed in May and June, 1903, and the other of the permission given to the appellee to show that after his conveyance to his brothers he said he still owned the property.

The first of the deeds alleged to have been improperly ad-

mitted in evidence, dated May 27, 1903, and recorded June 26, 1903, was to the mother of Tom Marshall; the second, dated June 15, 1903, and recorded July 28, 1903, was to William W. Miller, his partner; the third, dated May 20, 1903, and recorded June 15, 1903, was to Annie Keliher. These deeds were offered for the purpose of showing that Marshall was fraudulently conveying his property about the time the bank brought suit against him. The complaint as to their admission is that they represented transactions between other parties and Marshall, with which the appellants were in no way connected and of which they had no knowledge, and, as the only question on the trial was their good faith in taking their deed, they ought not to have been prejudiced by what their brother had done with the rest of his property, even if he had conveyed it to defraud his creditors, of which there was no proof. There are authorities in other jurisdictions sustaining this position, but, under our cases, the learned court below did not err in allowing the appellee to offer the three deeds. Before offering them it had submitted evidence from which the jury could fairly have inferred that the deed to the appellants did not represent an honest transaction. This is especially true of the testimony of William Marshall, one of the appellants, called as on cross-examination, which need not be recited in detail. If he was telling the truth, he did not tell it with the frankness and candor which the jury would naturally have expected from one who was a party to an honest transaction, and, after having heard him in connection with the testimony as to the inadequacy of the consideration for the conveyance, they could well have believed that he had been a party to his brother's fraud. The three deeds were executed about the time the bank was pressing Marshall for payment, or shortly afterwards, and, under Deakers v. Temple & Barker et al., 41 Pa. 234, could not have been excluded. That case was an issue to determine whether Deakers was a fraudulent vendee of Martin Connolly and wife by purchase from her on August 23, 1860, and the defendants were permitted to show that between that date and September 1 following, Connolly and his wife had disposed of a bond amounting to $900; that on August 21 they had conveyed a

certain lot of ground to John Mellon, Esq., and on May 23, 1860, had mortgaged certain real estate in the city of Pittsburg for $3,000, which they sold on August 27, Mrs. Connolly receiving the proceeds. This was objected to for the same reason that is urged here, and the admission of the evidence constituted the second assignment of error. In overruling it we held, through WOODWARD, J., "The evidence complained of in the second error, though not directly relevant to the immediate issue, was such as is usually admitted in cases of fraud, and was very proper as exhibiting the conduct of Connolly and wife on the eve of bankruptcy. It is a bad sign for parties who have been convicted of a fraud to complain of an excess of evidence. Their effort to draw the narrowest possible sight upon the pending issue, and to exclude everything which, according to the most rigid rules of evidence, is not relevant to it, indicates a consciousness that the transactions which surround the main fact will not bear investigation. But all experience proves, and rules of evidence are founded in human experience, that, if fraud is to be detected under the various cloaks it puts on, the conduct of the parties before and after the fact complained of, as well as in immediate connection with it, must be freely examined. Truth and honesty are not likely to suffer by the latitude of evidence allowed in cases of fraud, for the more thoroughly an honest transaction is investigated, the more honest it will appear."

The appellees having submitted evidence tending to show that the purpose of Tom Marshall to defraud his creditors had been participated in by the appellants, his declaration, made subsequently to the execution of his deed, that he still owned the property, was admissible under Hartman v. Diller, 62 Pa. 37, and Confer et al. v. McNeal, 74 Pa. 112. In the former case, in dismissing the asssignment that the court below had erred in permitting the declarations of the alleged fraudulent grantor, made after the sale to Hartman and not in the latter's presence, Mr. Justice SHARSWOOD said: "As a general principle it is undoubtedly well established that the declarations of a grantor made after the execution of the grant cannot be made use of for the purpose of impeaching it. But the rule has been so far

modified that when the bona fides of the transfer is attacked by creditors alleging that it was intended to hinder, delay and defraud them, and therefore void under the statute of 13 Eliz., c. 5, and some evidence has been adduced tending to show a common purpose or design of this character by the parties, then such declarations are admissible. For wherever evidence is given tending to prove a combination or conspiracy to do an unlawful act, it lets in the declarations of all the parties against each other. In Reitenbach v. Reitenbach, 1 Rawle, 362, where the question was as to the validity of a bond, and a conversation with the obligor in the presence of the obligee had been proved going to show a fraud upon creditors, other declarations subsequently made by the obligor in the absence of the obligee were held to have been improperly excluded."

The assignments of error are overruled and the judgment is affirmed.